1  **MILES L. KAVALLER, A PROF. LAW CORP.**
   **MILES L. KAVALLER, ESQ.**
2  State Bar No. 73950
   5850 Canoga Ave., Suite 250
3  Woodland Hills, CA 91367
   Telephone: 818-992-4342
4  Fax: 818-474-7180
   E-Mail: mileskavaller@att.net
5
   Attorney for Plaintiffs, HARTFORD FIRE INSURANCE
6  COMPANY AND MJC ENGINEERING & TECHNOLOGY, INC.
7

FILED

2012 JUN 12  PM 2: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  HARTFORD FIRE INSURANCE          ) Case No. CV12-5110-MWF
    COMPANY AND MJC ENGINEERING &    )            (EX)
13  TECHNOLOGY, INC.,                )
                                     )
14            Plaintiff,             ) COMPLAINT FOR DAMAGED
                                     ) CARGO UNDER CARRIAGE OF
15                                   ) GOODS BY SEA ACT.
                                     )
16      vs.                          ) (46 U.S.C. §§30701, et seq.)
                                     )
17                                   )
    TOTAL TERMINALS INTERNATIONAL,   )
18  LLC, PORTS AMERICA, INC.,        )
                                     )
19            Defendants.            )
                                     )
20                                   )
                                     )
21  _____)

22      Plaintiffs HARTFORD FIRE INSURANCE COMPANY  ("Hartford") and MJC

23  ENGINEERING & TECHNOLOGY, INC. ("MJC")(hereinafter sometimes referred to

24  collectively as "Plaintiffs") by and through their attorney Miles L. Kavaller, Esq. of

25  Miles L. Kavaller, A Professional Law Corporation, for their Complaint against

26  Defendants TOTAL TERMINALS INTERNATIONAL LLC, ("TTI") and PORTS

27  AMERICA, INC. ("PAI") allege as follows.

28

                                    1
    COMPLAINT FOR DAMAGED CARGO UNDER CARRIAGE OF GOODS BY SEA ACT

## I.      JURISDICTION AND VENUE.

1.      This United States District Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. §1337 in that the claims of the Plaintiffs arise under federal law regulating commerce, to wit: the Carriage of Goods by Sea Act, 46 U.S.C. §30701, et seq. (hereinafter "COGSA").

2.      Venue in this Central District of California is proper under 28 U.S.C. §1391 in that the acts complained of occurred in Long Beach, California and the parties conduct business in this district.

## II.      THE PARTIES.

3.      At all times herein mentioned, Plaintiff, Hartford Fire Insurance Company ("Hartford") was and is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut and is qualified to do business in the State of California. Hartford is in the business of an insurance company.

4.      At all times herein mentioned, Plaintiff, MJC was and is a corporation organized and existing under the laws of the state of California with its principal place of business in Huntington Beach, California. MJC is in the business of manufacturing heavy duty spinning machines.

5.      At all times herein mentioned, Defendant, Total Terminals International, LLC, ("TTI"), was and is a limited liability company organized and existing under the laws of the state of California with its principal place of business in Long Beach, California. TTI is in the business of a marine terminal and stevedore operator and/or warehouseman.

6.      At all times herein mentioned, Defendant Ports America, Inc., ("Ports America"), was and is a corporation organized and existing under the laws of one of the states of the United States with its principal place of business in Iselin, New Jersey and at all times material was authorized to, and doing business in, California with offices

2

and/or agency in Long Beach, California. Ports America  is in the business of a terminal operator and stevedore.

### FIRST CLAIM UNDER COGSA: UNREASONABLE DEVIATION.

7.     This action involves damage and loss to one of two custom built, precision spinning machines, being shipped from the Plaintiff, MJC in Huntington Beach, California, to Sumec International Technology Company in Shanghai, China. The spinning machine at issue was in good order and condition at origin but was not delivered at destination in like good order and condition; rather, there was damage and loss which occurred in the terminal prior to loading the cargo onto the ship.

8.     Plaintiff, MJC, is and was at all times material the owner of, and had an insurable interest in, the spinning machine. The value of the machine stated on the bill of lading is $1,050,000.00.

9.     Plaintiff, Hartford, insured the spinning machine in question under a policy of insurance.

10.     Leman USA, Inc., a non-vessel operating common carrier, contracted with MJC, the "Shipper/Exporter" named in the bill of lading, to transport the spinning machine and issued a "Door to Port" combined transport bill of lading for the shipment, B/L # 840-0157228, a copy of which is attached hereto as Exhibit A.

11.     COSCO Container Lines  Americas, Inc. ("COSCO") is a common carrier for hire, shipping agent, freight forwarder and/or warehouseman. COSCO booked the shipment at issue for ocean carriage and issued a Confirmed Booking. COSCO owned, operated, maintained, and/ or supplied the flat rack container and chassis used in the transport of the spinning machine.

12.     Lester Box, Inc. located in Long Beach, holds itself out to be in the business of packing, crating and securing shipments for ocean transport. Lester Box had performed this service for MJC on similar machines several times before the shipment at issue and packed and crated the two spinning machines to be transported, including

COMPLAINT FOR DAMAGED CARGO UNDER CARRIAGE OF GOODS BY SEA ACT

1    securing, blocking, and bracing the spinning machines within their crates.

2          13.    Walker Brothers rigged and secured the crate to the flat rack containers

3    upon which both spinning machines were shipped, including  placement and lashing the

4    cargo on the flat racks, and loaded the cargo and flat racks on the two chassis of

5    Southern Counties Express, Inc. which transported them from  MJC to the terminal

6    facilities of TTI in Long Beach.

7          14.    Defendant, TTI, accepted both spinning machines into its care, custody,

8    and control, transferred the cargo from the two Southern Counties chassis to two chassis

9    of its own supplied by COSCO and/or Flexi-Van and was backing the cargo into a space

10   within the terminal at which time the chassis and the spinning machine at issue tipped

11   over and fell to the ground causing severe damage and rendering the spinning machine a

12   total loss.

13         15.    Defendant, PAI provided the longshoreman utilized by TTI to move the

14   cargo within the TTI terminal to a parking space to await loading aboard the ocean

15   vessel.

16         16.    On or about October 12, 2011, while the tractor and chassis containing the

17   spinning machine in question was being backed into a parking space at the TTI terminal,

18   the chassis tipped over and the spinning machine fell to the ground causing severe

19   damage and a total loss. Among other things, the survey reports prepared by various

20   parties including TTI, noted that the PAI and or TTI employees failed to secure the flat

21   rack on which the spinning machine was transported and secured to the chassis to which

22   the cargo was transferred after delivery by Southern Counties Express, using the locking

23   pins. Further, although the spinning machines were transported by Southern Counties

24   Express on "low-boy" trailers specifically designed for the transport of heavy machinery,

25   known as "out of gauge",  TTI transferred the two spinning machines from the "low-

26   boy" trailers to standard flat bed trailers thereby raising the center of gravity by two to

27   three feet. Further, the seven of eight tires on the chassis on which the spinning machine

28   was transported in the TTI terminal were in poor condition. Taken together, these

4

COMPLAINT FOR DAMAGED CARGO UNDER CARRIAGE OF GOODS BY SEA ACT

1  deficiencies caused the chassis to tip and the spinning machine to fall off the chassis and
2  to the ground.

3      17.    Plaintiff, MJC, made a claim under its policy of insurance with Plaintiff,
4  Hartford, and Hartford is subrogated to the interest of MJC to the extent of its payment
5  under the policy of insurance.

6      18.    Plaintiff, MJC, has been damaged to the extent that its out of pocket
7  payments proximately caused by the cargo damage and loss are not covered under the
8  Hartford policy of insurance.

9      19.    Plaintiffs, Hartford and MJC, have complied with any and all conditions
10  precedent to suit, or any such conditions have been excused.

11      20.    Plaintiffs have filed a claim and otherwise demanded reimbursement of the
12  loss of $1,050,000 from the Defendants and each of them which have been rejected and
13  no payment has been made.

14      21.    COGSA § 3(2), 46 U.S.C. 30704, prohibits a carrier from inserting
15  in its bill of lading a provision avoiding its liability to carefully load, handle, stow, keep,
16  care for, and discharge the goods carried. Accordingly, those including Defendants TTI
17  and PAI whose activities are covered under the bill of lading have a contractual and
18  statutory duty to exercise due care in the handling of "Shipper/Exporter" MJC's cargo.

19      27.    Defendants TTI and PAI violated that duty by their conduct as
20  alleged in paragraph 16 herein.

21      28.    The conduct of Defendants TTI and PAI as herein alleged constitutes an
22  unreasonable deviation and deprives them of the benefit of the $500 per package liability
23  limitation under §16(a) of the bill of lading.

24      29.    Plaintiffs have therefore been damaged in the sum of $1,050,000 and seek
25  recovery thereof from Defendants TTI and PAI, jointly and severally, together with
26  prejudgment interest and costs of suit.
27  ///
28

COMPLAINT FOR DAMAGED CARGO UNDER CARRIAGE OF GOODS BY SEA ACT

WHEREFORE, Plaintiffs, HARTFORD FIRE INSURANCE COMPANY and MJC ENGINEERING & TECHNOLOGY, INC. pray for judgment against the Defendants, LEMAN USA INC., TOTAL TERMINALS INTERNATIONAL and LLC, PORTS AMERICA, INC. In the sum of $1,050,000, together with prejudgment interest from October 13, 2011, costs and such other and further relief as the Court deems just.

Dated:   May 29, 2012

**MILES L. KAVALLER,**
**A PROFESSIONAL LAW CORP.**

By: _____
           Miles L. Kavaller, Esq.
           Attorney for Plaintiffs,
HARTFORD FIRE INSURANCE COMPANY and
MJC ENGINEERING & TECHNOLOGY, INC.

COMPLAINT FOR DAMAGED CARGO UNDER CARRIAGE OF GOODS BY SEA ACT

COMBINED TRANSPORT BILL OF LADING

(NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)

| | |
|---|---|
| **Shipper/Exporter**<br>BENEFICIARY:<br>MJC ENGINEERING AND TECHNOLOGY, INC<br>15701 CONTAINER LANE,<br>HUNTINGTON BEACH, CA 92649, U.S.A.<br>TEL: 714-890-0616 FAX: 714-895-3561 | **Booking No.** 8005085610 | **Bill of Lading No.** 840-0157228 |

| | |
|---|---|
| | **Export References** 541 | **Consol Ref.** |
| | LCH 21000LC1101302 | **Service** DOOR TO PORT   Page 1 of 2 |

| | |
|---|---|
| **Consigned To**<br>TO ORDER | **Forwarding Agent - References** |

**Country of Origin** USA

| | |
|---|---|
| **Notify Party**<br>SUMEC INTERNATIONAL TECHNOLOGY CO.,<br>LTD. NO. 198 CHANGJIANG ROAD,<br>NANJING, CHINA 210018 TEL: 0086-25-<br>84532512 FAX: 0086-25-84525370 | **For Delivery Apply to:**<br>M+R FORWARDING (CHINA) LTD<br>11TH FLOOR CENTRO<br>NO. 568 HENG FENG ROAD<br>SHANGHAI 200070, P.R. CHINA<br>T:862161431000/F:862163539228 |

| | | |
|---|---|---|
| **Pre-Carriage by**<br>VALUE TRANSPORT | **Place of Receipt**<br>HUNTINGTON BCH CA | **Pier** |
| **Vessel & Voyage no.**<br>HANJIN KINGSTON 0027W | **Port of Loading**<br>Long Beach, CA  USA | **Onward Inland Routing** |
| **Port of Discharge**<br>SHANGHAI PORT, CHINA | **Place of Delivery**<br>SHANGHAI PORT, CHINA | |

### PARTICULARS FURNISHED BY SHIPPER

| Marks and Numbers | No. of Pkgs/Cont. | Kinds of Packages; Description of Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| CBHU1926512<br>134739 | 1 | 40' DRY CONTAINER | 4755 KG | 60 M3 |
| CBHU01800308<br>134737 | 1 | 40' DRY CONTAINER | 4755 KG | 60 M3 |
| CBHU8642349<br>134740 | 1 | 40' HIGH CUBE | 9570 KG | 60 M3 |
| CBHU8184478<br>134738 | 1 | 40' HIGH CUBE | 9570 KG | 60 M3 |
| TRIU0781312<br>N/A | 1 | 40' FLAT RACK | 20384 KG | 60 M3 |
| FSCU0400337<br>N/A | 1 | 40' FLAT RACK | 20384 KG | 60 M3 |
| SHIPPER'S WEIGHT,<br>LOAD & COUNT | ======<br>6 | ON BOARD 2011/10/15      FREIGHT PREPAID | 67418 KG<br>(148629.72LB) | 360 M3<br>(12711.6 CF) |

THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE
EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW IS PROHIBITED

| Freight Charges Payable at<br>ORIGIN | by<br>SHIPPER | Cargo Insurance through<br>Not covered | Number of Original B/L<br>3 |
|---|---|---|---|

| Freight Rates and Charges | Prepaid | Collect | |
|---|---|---|---|
| | | | Received the goods or packages said to contain herein after mentioned in apparent good order and condition unless otherwise indicated, to be transported and delivered or transhipped as herein provided, weight, measure, marks, quality, contents and value as declared by the shipper, but unknown by the carrier. In accepting the Bill of Lading the merchant expressly accepts and agrees to all its stipulations, exceptions and conditions, on both pages, whether written, printed, stamped or otherwise incorporated as fully as if they were all signed by the merchant.<br><br>One of these Combined Transport Bills of Lading must be surrendered duly endorsed in exchange for the goods. In Witness whereof the original Combined Transport Bills of Lading all of this tenor and date have been signed in the number stated above, one of which being accomplished the other(s) to be void<br><br>**LEMAN USA INC.**    FMC#: 2406NF |
| Carrier's 'package' limitations of liability applies. | | | **Issued at** INGLEWOOD, CA |
| TOTAL | | | **Bill of Lading No.** 840-0157228    **Dated**<br>**Signed** |

Cargo Insurance through the undersigned not covered unless instructed.

**XHIBIT** 1

CONTINUATION FORM L

| Bill of Lading No |
|---|
| 840-0157228 |

| Departure Date |
|---|
| 2011/10/15 |

| Page | of | Pages |
|---|---|---|
| 2 | | 2 |

## PARTICULARS FURNISHED BY SHIPPER

| Marks and Numbers | No. of Pkgs/Cont | Kinds of Packages; Description of Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| SHIPPER'S WEIGHT, LOAD & COUNT | 6 | DESCRIPTION OF GOODS: CNC SPINNING NECK-IN WORKSTATION, 2 SETS MODEL: OSC-16.200 UNIT PRICE: USD 1,050,000.00 TOTAL PRICE: USD 2,100,000.00 PRICE TERM: CIF SHANGHAI SHIPPING MARK: SUMEC/ZN1101-01 SHANGHAI, CHINA AES ITN : X20111011027228 ON BOARD 2011/10/15   FREIGHT PREPAID THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW IS PROHIBITED | 67418 KG (148629.72LB) | 360 M3 (12711.6 CF) |

# CONTRACT TERMS AND CONDITIONS

LEMAN USA, Inc.(Hq.)
1860 Renaissance Boulevard
Sturtevant, WI 53177-1745
Telephone: (262) 884-4700
Telefax: (262) 884-4690

LEMAN USA, Inc.
317 S. Isis Avenue, Suite 207
Inglewood, CA 90301-2008
Telephone: (310) 641-3776
Telefax: (310) 641-3786

LEMAN USA, Inc.
770 Atlanta S. Parkway, Suite B-1
College Park, GA 30349
Telephone: (404) 761-8828
Telefax: (404) 761-8860

LEMAN USA, Inc.
67 Walnut Avenue, Suite 301
Clark, NY 07066
Telephone: (848) 628-1000
Telefax: (848) 628-1010

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 5110 MWF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS**   (Check box if you are representing yourself ☐)

HARTFORD FIRE INSURANCE COMPANY AND MJC
ENGINEERING & TECHNOLOGY, INC.

**DEFENDANTS**

TOTAL TERMINALS INTERNATIONAL, LLC, PORTS
AMERICA, INC.,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

MILES L. KAVALLER, A PROF. LAW CORP., 5850 Canoga Ave., Suite 250,
WOODLAND HILLS, CALIFORNIA 91367

Attorneys (If Known)

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,050,000

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

COGSA § 3(2), 46 U.S.C. 30704: DAMAGE TO CARGO

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV12-5110**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
- [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | CONNECTICUT |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
- [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | NEW JERSEY |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 5/29/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

CENTRAL    District of CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY AND MJC ENGINEERING & TECHNOLOGY, INC., | ) ) ) |
| *Plaintiff* | ) |
| v. | ) |
| TOTAL TERMINALS INTERNATIONAL, LLC, PORTS AMERICA, INC., | ) ) ) |
| *Defendant* | ) |

Civil Action No **CV12-5110-MWF**
**(Ex)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

TOTAL TERMINALS INTERNATIONAL, LLC, 301 HANJIN ROAD, LONG BEACH, CALIFORNIA 90802
PORTS AMERICA, INC., 99 WOOD AVENUE SOUTH, ISELIN, NEW JERSEY 08830-2715

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: MILES L. KAVALLER, A PROFESSIONAL LAW CORP., 5850 CANOGA AVE., SUITE 250, WOODLAND HILS, CALIFORNIA 91367

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  JUN 1 2 2012  _____

_____
*Signature of Clerk or Deputy Clerk*

AO-440

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ☐ I returned the summons unexecuted because _____ ; or

    ☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                         *Server's signature*

                                       _____
                                               *Printed name and title*


                                       _____
                                             *Server's address*

Additional information regarding attempted service, etc: